IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| THOMAS ANDREW WHITTLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 324-054 |
| | ) | |
| WARDEN GREGORY SAMPSON, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at Dooly State Prison in Unadilla, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2254. Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.    BACKGROUND**

In December 2020, a Dodge County grand jury indicted Petitioner for four counts of terroristic threats and one count of criminal trespass related to a July 23, 2020, incident. (Doc. no. 12-2, pp. 57-60.)[1] The same grand jury separately indicted Petitioner on one count of aggravated assault, one count of criminal damage to property, and one count of battery related to an October 10, 2019, incident. (Id. at 93-95.) In June 2022, another Dodge County grand

---

[1] For ease of reference, the Court cites to the page numbers generated on CM/ECF.

1

jury indicted Petitioner for one count of unlawful acts of violence in a penal institution and one count of battery related to an April 28, 2022, incident that occurred while Petitioner was detained awaiting trial on the prior two indictments. (Id. at 102-05.)

On November 23, 2022, after considering a "global plea offer" to resolve all three cases, Petitioner pled guilty, pursuant to a plea agreement negotiated by appointed counsel Sarah Reidel, to two of the counts of terroristic threats from the first indictment, the aggravated assault – as reduced to obstruction of an EMT – and criminal damage to property charges from the second indictment, and the count of unlawful acts of violence in a penal institution from the third indictment. (Id. at 63-63-64, 91-92, 100-01; see also id. at 67-88.) The remaining terroristic threats, criminal trespass, and battery charges were dismissed by orders of *nolle prosequi*. (Id. at 61, 63, 65, 91, 96, 100, 106.) Petitioner was sentenced to five years of incarceration for each of the two terroristic threats counts in the first case, to run consecutively; five years of incarceration each for the obstruction and an EMT and criminal damage to property counts in the second case, to run consecutively to each other but concurrently with the sentence in the first case; and five years of incarceration for the unlawful acts of violence in a penal institution count from the third case, to run concurrently with the sentences in the first and second case. (Id. at 63, 86-87, 91, 100.)

On June 27, 2023, Petitioner filed a state habeas corpus petition *pro se* in the Superior Court of Dooly County, (doc. no. 12-1, p. 1), and testified at an evidentiary hearing on October 31, 2023, (doc. no. 12-2, pp. 1-56). The state petition raised four grounds:

(1) Denial of access to courts where Petitioner did not receive discovery prior to entering his guilty pleas, was prohibited from making unmonitored calls to counsel, and raised concerns about the prosecutor's conflict of interest that went unaddressed;

2

    (2) Violation of Due Process where counsel failed to obtain or share with Petitioner any discovery documents prior to the day of the guilty plea hearing;

    (3) Ineffective assistance of counsel where counsel failed to file appeal of Petitioner's guilty pleas; and

    (4) Vindictive prosecution where prosecutor had a conflict of interest and failed to remove herself from Petitioner's cases.

(Doc. no. 12-1, pp. 5-6.)  On January 29, 2024, the state habeas court denied the petition, finding Petitioner's guilty pleas waived his arguments and he failed to demonstrate ineffective assistance of counsel to overcome the waiver.  (Doc. no. 12-3, pp. 1-7.)  Petitioner timely filed a notice of appeal of the state habeas court's decision but failed to timely apply for a certificate of probable cause ("CPC") before the Georgia Supreme Court.  (Doc. no 12-4, Whittle v. Sales, No. S24H1040 (Ga. Aug. 13, 2024).)  As a result, the Georgia Supreme Court dismissed his appeal on August 13, 2024.  (Id.)

    On January 2, 2024, Petitioner filed the instant federal petition *pro se*, asserting four grounds for relief:

    (1) Guilty pleas were involuntarily induced without Petitioner's understanding of the nature of the charges and consequences of the pleas;

    (2) Prosecutorial misconduct where the prosecutor failed to disclose evidence favorable to Petitioner;

    (3) Ineffective assistance of counsel where counsel failed to obtain discovery or conduct an investigation prior to the day of the plea hearing; and

    (4) Vindicative and malicious prosecution where prosecutor had a conflict of interest and did not remove herself from Petitioner's case.

(Doc. no. 1, "Petition," pp. 5-6.)  Petitioner did not specify whether he raises these grounds as to all of his convictions entered on November 23, 2022, pursuant to the "global plea offer" or whether he intends to challenge one conviction in particular.  (See Petition.)  However, given

3

Petitioner referenced charges from each of the three cases in which he was convicted in his federal habeas petition, the Court construes his federal habeas petition as attacking the convictions in all three cases, which is permitted under Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts. See Retic v. United States, 321 F. App'x 865, 865-66 (11th Cir. 2009) (unpublished) (affirming district court's inclusion of challenges to multiple "judgments" within a single petition on the basis that the judgments arose from courts within the same circuit); Daker v. Adams, No. CV620-115, 2023 WL 375361, at *4 (S.D. Ga. Jan. 24, 2023) ("[U]nder Rule 2, [Petitioner] may challenge multiple judgments from the same court in a single petition."); In re Caldwell, 917 F.3d 891, 893 (6th Cir. 2019) (reviewing text and history of Rule 2(e) to conclude, "[a]n inmate thus may challenge multiple judgments from the same court in a single petition, but he is not required to do so").

Petitioner did not file a brief in support of his petition. Respondent answered the petition, arguing all four grounds are defaulted and, further, Grounds Two and Four are waived by the entry of Petitioner's guilty plea. (See doc. no. 11-1.)

## II.   STANDARD OF REVIEW

Under § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - -
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has characterized § 2254(d) as "part of the basic structure of federal habeas jurisdiction, designed to confirm that state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Accordingly, § 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner.

Id. (internal citations omitted). Thus, under § 2254(d)(1), it is not enough to demonstrate that a state court's decision is wrong; "even clear error will not suffice." White v. Woodall, 572 U.S. 415, 419 (2014). Rather, the habeas petition must show the state court decision was "objectively unreasonable." Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Woods v. Donald, 575 U.S. 312, 316 (2015) (a petitioner must show the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair[-]minded disagreement."). A showing that the state court's determination was unreasonable is a substantially higher threshold than whether it was correct.

5

Reed v. Sec'y, Fla. Dep't of Corr., 767 F.3d 1252, 1260-61 (11th Cir. 2014); Evans v. Sec'y, Dep't of Corr., 703 F.3d 1316, 1325 (11th Cir. 2013). In addition, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 563 U.S. at 181.

Moreover, under AEDPA's highly deferential standard of review for state court factual determinations, a federal habeas court may only grant relief if a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, § 2254(e)(1) requires the Court "to presume the correctness of state courts' factual findings" unless the habeas petitioner rebuts that presumption "with clear and convincing evidence." Nejad v. Att'y Gen., State of Ga., 830 F.3d 1280, 1289 (11th Cir. 2016) (citing Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007)); see also Reese v. Sec'y, Fla. Dep't of Corr., 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings of fact by the state court is even more deferential than under a clearly erroneous standard of review."). "The Supreme Court has not yet defined § 2254(d)(2)'s precise relationship to § 2254(e)(1). . . . Whatever that precise relationship may be, a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Tharpe v. Warden, 834 F.3d 1323, 1336 (11th Cir. 2016) (citing Wood v. Allen, 558 U.S. 290, 301 (2010)).

### III.   DISCUSSION

#### A.   Petitioner's Claims Are Procedurally Defaulted

##### 1.   A Federal Habeas Petitioner Defaults a Claim by Failing to Properly Exhaust State Remedies

AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss unexhausted habeas claims that the petitioner did not raise in state court but could have raised by any available procedure.  28 U.S.C. § 2254(b)(1)(A) & (c).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process.  As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845.  This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.  Id.  "Georgia's appeal process requires that a petitioner seek a certificate of probable cause to appeal to the Georgia Supreme Court; claims not raised in an application for a certificate of probable cause are considered unexhausted on subsequent federal habeas

7

review. Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1364 (11th Cir. 2020) (citations omitted); see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (ruling a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies.").

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-54 (11th Cir. 2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted). Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. McNair v. Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005).

A federal habeas petitioner can run afoul of procedural default rules in one of two ways, depending on whether the claim is an old one the petitioner already attempted to assert unsuccessfully in state court, or a new one the petitioner never attempted to raise in state court. First, a federal habeas petitioner cannot revive an old claim that a state court previously denied on independent and adequate procedural grounds. "As a general rule, a federal habeas court may not review state court decisions on federal claims that rest on state law grounds, including procedural default grounds, that are 'independent and adequate' to support the judgment."

Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1335 (11th Cir. 2012); see also Shinn v. Ramirez, 596 U.S. 366, 378 (2022) (explaining "federal courts generally decline to hear any federal claim that was not presented to the state courts 'consistent with [the State's] own procedural rules'"). A state court decision rests on "independent and adequate" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim. Second, the state court decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state procedural rule must be adequate; *i.e.,* it may not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for purposes of the procedural default doctrine. In other words, a state procedural rule cannot bar federal habeas review of a claim unless the rule is "firmly established and regularly followed."

Boyd, 697 F.3d at 1336 (internal quotations and citations omitted). Additionally, the Supreme Court has made clear that "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court had discretion to reach the merits despite the default." Walker v. Martin, 562 U.S. 307, 311 (2011).

Second, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim in his federal petition that would be procedurally barred if he attempted to raise it in state court. In such instances, unless the petitioner either establishes the cause and prejudice or the fundamental miscarriage of justice exception, the failure to bring the claim properly in state court has "matured into a procedural default." Smith v. Jones, 256 F.3d 1135, 1138-39 (11th Cir. 2001). Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state

law as no basis for federal habeas relief." Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1342 (11th Cir. 2009) (citing Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998)); Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999). To determine whether a claim is procedurally barred in this way, the federal court must ask whether "it is clear from state law that any future attempts at exhaustion would be futile." See Bailey, 172 F.3d at 1305.

Simply put, if a claim has not been "fairly presented to the state courts, it is procedurally defaulted." Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006). To that end, absent a showing of either cause to excuse the default and actual prejudice or a fundamental miscarriage of justice, O.C.G.A. § 9-14-48(d) precludes state habeas review of any issue not preserved for collateral attack in a state court by timely objecting and raising the issue on appeal. See Devier v. Zant, 3 F.3d 1445, 1454-55 (11th Cir. 1993) (citing O.C.G.A. § 9-14-48(d) and upholding a finding of procedural default on numerous claims); see also Waldrip v. Head, 620 S.E.2d 829, 835-36 (Ga. 2005) ("Claims not raised on direct appeal are barred by procedural default, and in order to surmount the bar to a defaulted claim, one must meet the 'cause and prejudice' test."); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows: a failure to make timely objection to *any* alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus."). In addition, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition. O.C.G.A. § 9-14-51; Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . .").

10

> 2. **Petitioner's New Claims Raised in Grounds One and Two Are Procedurally Defaulted Because They Were Not Presented to the State Courts**

In Ground One, Petitioner asserts his guilty plea was involuntary because Petitioner did not understand the nature of Petitioner's charges and the consequences of his plea. (Petition, p. 5.) In Ground Two, Petitioner asserts the prosecution failed to disclose evidence favorable to Petitioner, rendering his conviction unconstitutional. (Id.) In contrast, Petitioner raised no issue related to favorable evidence in his state habeas petition, and while Petitioner's state habeas petition raised concerns about his guilty plea, his state habeas ground concerned only Ms. Reidel's alleged failure to move to withdraw his guilty plea and made no allegation the plea was involuntary. (Doc. no. 12-1, p. 5.)

As Respondent argues, these new claims are procedurally defaulted and would be deemed successive if now raised in a second state collateral attack. (Doc. no. 11-1, pp. 2-3.) Petitioner's failure to first bring these claims properly in state court has "matured into a procedural default." Smith, 256 F.3d at 1138-39; see O.C.G.A. § 9-14-51; Chambers, 150 F.3d at 1327.

> 3. **Petitioner's Claims Raised in Ground Three and Ground Four Are Procedurally Defaulted Because Petitioner Failed to Exhaust His State Remedies**

In Ground Three, Petitioner argues Ms. Reidel was ineffective because she failed to obtain discovery or conduct an investigation prior to the day of the plea hearing. (Petition, p. 5.) In Ground Four, Petitioner alleges he was subject to a vindictive and malicious prosecution because Assistant District Attorney Kelli Adams had a conflict of interest with Petitioner and did not remove herself from his case. (Id. at 6.) The state habeas court rejected both of these claims. (Doc. no. 12-3, pp. 4-7.) Petitioner filed a notice of appeal in the state habeas court

but failed to timely file an application for a CPC with the Georgia Supreme Court. (Doc. no. 12-4.) Petitioner provides no explanation for his failure to timely file a CPC. (See doc. no. 1.)

Under O.C.G.A. § 9-14-52(b), an applicant has thirty days to file both an application for a CPC in the Georgia Supreme Court and a notice of appeal with the clerk of the superior court in which the state habeas court's order entered. The state habeas court denied relief on January 30, 2024. (Doc. no. 12-3, p. 1; see also doc. no. 12-4.)[2] Petitioner did not file an application for a CPC with the Georgia Supreme Court by the required deadline of February 29, 2024. (Doc. no. 12-4, p. 1.) While Petitioner filed a request for extension of time to file an application for a CPC, he did so three months after the thirty-day deadline passed. (Id.) A timely application for a CPC and a timely notice of appeal are required to confer jurisdiction, and in the absence of both, the appeal must be dismissed. See, e.g., Fullwood v. Sivley, 517 S.E.2d 511, 513-514, 516 (Ga. 1999) (explaining application for a CPC "and a notice of appeal are both necessary to invoke [Supreme Court's] jurisdiction over an appeal from the denial of a petition for habeas corpus" and explaining jurisdictional requirement is strictly enforced, even as to *pro se* petitioner). Accordingly, the Georgia Supreme Court dismissed Petitioner's appeal on August 12, 2024. (Doc. no. 12-4.) Petitioner's failure to timely apply to the Georgia Supreme Court for a CPC to review the state habeas order denying the claims raised in Grounds Three and Four of the federal petition means he failed to exhaust all of his available state

---

[2] Although the order denying state habeas relief was signed January 29, 2024, it was not docketed until the following day. (Compare doc. no. 12-3, p. 1, with id. at 7.) Accordingly, the Court considers January 30, 2024, the operative date of the state habeas court's decision, consistent with the Georgia Supreme Court. (See doc. no. 12-4.)

remedies, and has "resulted in procedural default of those claims." O'Sullivan, 526 U.S. at 848; Pope, 358 F.3d at 854 (11th Cir. 2004).

> 4. **Petitioner Cannot Satisfy the Cause and Prejudice Standard to Justify Federal Review of His Defaulted Claims, and the Miscarriage of Justice Exception Does Not Apply**

"A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default." Jones, 436 F.3d at 1304 (citing Wainwright v. Sykes, 433 U.S. 72, 97 (1977)); Shinn, 596 U.S. at 379 (same). "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's procedural rule." Maples v. Thomas, 565 U.S. 266, 280 (2012) (internal quotation marks omitted). "Once cause is proved, a petitioner also must prove prejudice. He must show 'not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)); Shinn, 596 U.S. at 379-80 (same). For example, procedural default does not preclude federal habeas review when

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 569 U.S. 413, 423 (2013); Martinez v. Ryan, 566 U.S. 1, 13-14, 16-17 (2012).

Petitioner has presented no valid justification for failing to raise his defaulted claims at

13

the proper time in his state proceedings, let alone something external to him that cannot be fairly attributed to him. In fact, Petitioner offers no explanation whatsoever concerning his failure to comply with the statutory requirements of O.C.G.A. § 9-14-52(b) when applying for a CPC. Moreover, Petitioner's attempts to bootstrap his barred claims under the rubric of ineffective assistance of counsel fails because, as explained herein, Petitioner has no valid ineffective assistance of counsel claims. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (recognizing ineffective assistance of counsel claim, if it has merit, may satisfy cause exception to procedural bar); see also Shinn, 596 U.S. at 380 (recognizing constitutionally ineffective assistance of counsel may excuse procedural default but "'[a]ttorney ignorance or inadvertence' cannot excuse procedural default"). As discussed below, Petitioner does not meet the cause and prejudice standard and has not shown that his claims are substantial.

### a.    Ground One

In Ground One, Petitioner asserts his guilty plea was involuntary because Petitioner did not understand the nature of Petitioner's charges and the consequences of his plea. Petitioner made no attempt to establish cause for the default because he presented no explanation for his failure to raise the voluntariness of his plea in his state habeas proceedings.

Moreover, as the state habeas court pointed out, Petitioner affirmed during when entering his guilty plea:

> that he had completed two years of college and was literate; that he was not "suffering from any physical or mental disease" or "under the influence of any medications, drugs, alcohol, or narcotics;" that he understood the charges that he was pleading guilty to; that he understood the maximum sentence that the Superior Court could impose for these charges; that he knew that he was waiving the right to a trial as well as the rights attached thereto; that his pleas were "freely and voluntarily given" and not the result of coercion or improper promises; that

14

he "had enough time to talk with [his attorney]" and was "satisfied with the services that she had rendered;" and that he was entering pleas of guilty as to the charges and was "in fact guilty" of the charges.

(Doc. no. 12-3, pp. 3-4 (quoting doc. no. 12-2, pp 70-85).) Also, the trial judge found "there [wa]s a factual basis for [Petitioner's] plea" and that Petitioner "freely, voluntarily and knowingly entered in such plea" as to each of the pleas entered in Petitioner's three cases. (Doc. no. 12-2, pp. 86-87.) The belated assertion that the circumstances were not as Petitioner previously swore is insufficient. Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("[S]olemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings."); see also United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) (*per curiam*) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."). Petitioner fails to meet the cause and prejudice standard.

### b.     Ground Two

In Ground Two, Petitioner asserts the prosecution failed to disclose evidence favorable to Petitioner, rendering his conviction unconstitutional. Petitioner fails to offer any justification for failing to raise Ground Two in the state habeas court. Nor does he contend that something external to him prevented raising this claim at the proper time in the state court. Accordingly, he fails to demonstrate cause for his procedural default as to Ground Two.

### c.     Ground Three

In Ground Three, Petitioner argues Ms. Reidel was ineffective because she failed to obtain discovery or conduct an investigation prior to the day of the plea hearing. Petitioner has not shown something external to him impeded his efforts to comply with the statutory requirements of O.C.G.A. § 9-14-52(b), let alone that this is a substantial claim.

15

Ms. Reidel testified at the state habeas hearing that she had not received discovery in Petitioner's cases at the time of the guilty plea hearing, but the prosecutor allowed her to look through their files and she then communicated the terms of the "global plea offer" to Petitioner. (Doc. no. 12-2, pp. 24-25.) Related to this claim, the state habeas court found while "Petitioner expressed frustration with the fact that the State had failed to provide discovery," he nonetheless "chose to plead guilty" after hearing Ms. Reidel's advice concerning the plea. (Doc. no. 12-3, p. 3.) Concerning the fact Ms. Reidel had not yet received discovery by the day of the guilty plea hearing, the state habeas court further found Ms. Reidel "did the best investigation that she could under a stringent deadline and gave her 'best legal advice possible'" under the circumstances. (Doc. no. 12-3, p. 6 (quoting doc. no. 12-2, p. 36).) Accordingly, the state habeas court found Petitioner failed to demonstrate Ms. Reidel was ineffective because she had not obtained discovery prior to the entry of Petitioner's guilty plea.

Moreover, as the state habeas court found, Petitioner has failed to demonstrate he was prejudiced by Ms. Reidel's alleged ineffectiveness. The state habeas court found Petitioner failed to demonstrate the discovery he wishes had been obtained would have produced a different outcome in any of his three cases. Likewise, here, Petitioner provides no evidence the discovery would have changed his willingness to accept a guilty plea and thus he fails to show the lack of discovery actually worked to his disadvantage. In sum, Petitioner has not carried his burden to develop a record supporting cause and prejudice to excuse the procedural default. See Shinn, 596 U.S. at 381-82; Gavin, 40 F.4th at 1265-66.

Thus, the record does not support a substantial showing of a meritorious claim of ineffective assistance, let alone that Petitioner would be prejudiced by this court refusing to consider his defaulted claims.

### d. Ground Four

In Ground Four, Petitioner alleges he was subject to a vindictive and malicious prosecution because Assistant District Attorney Kelli Adams had a conflict of interest with Petitioner and did not remove herself from his case. Like Ground Three, Petitioner has not shown something external to him impeded his efforts to comply with the statutory requirements of O.C.G.A. § 9-14-52(b), and he thus fails to demonstrate cause to excuse his procedural default as to this claim.

### e. No Fundamental Miscarriage of Justice

"Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice." Jones, 436 F.3d at 1304 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)). The narrow fundamental miscarriage of justice exception encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime. Murray, 477 U.S. at 496; see also Johnson, 256 F.3d at 1171 ("This exception is exceedingly narrow in scope, as it concerns a petition's 'actual' innocence rather than his 'legal' innocence."). In McQuiggin v. Perkins, the Supreme Court held that this exception survived AEDPA's passage but "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." 569 U.S. 383, 395 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). Petitioner does not argue, let alone submit any evidence, that he is probably, factually innocent of the charges he pled guilty to and for which he was convicted. To the contrary, as discussed in detail herein, all of Petitioner's arguments are based on perceived procedural defects in his criminal proceedings leading up to the entry of his guilty pleas.

17

Accordingly, Petitioner's claims are defaulted, are not excused by any exception, and provide no basis for federal habeas corpus relief.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO **REPORTED** and **RECOMMENDED** this 10th day of March, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA